UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-92-BO

ERIC M. MCMILLIAN, )
)
        Plaintiff, )
)
v. ) O R D E R
)
OFFICER T.P. KENNEDY (Raleigh Police )
Department), )
)
        Defendant. )
)

This matter is before the Court on Plaintiff's three Motions to Appoint Counsel; Motion for Leave to File an Amended Complaint; Motion to Compel Discovery; and Defendant's Motion to Dismiss. For the reasons below, Plaintiff's Motions to Appoint Counsel are DENIED. Plaintiff's Motion for Leave to File an Amended Complaint is GRANTED. Plaintiff's Motion to Compel Discovery is DISMISSED as MOOT. Defendant's Motion to Dismiss is GRANTED.

## DISCUSSION

Plaintiff's Motions to Appoint Counsel

The Sixth Amendment of the U.S. Constitution guarantees the right to counsel in criminal prosecutions. *Gideon v. Wainwright*, 372 U.S. 335 (1963). *See also Brewer v. Williams*, 430 U.S. 387, 398 (1977) ("the right to counsel . . .means at least that a person is entitled to the help of a lawyer at or after the time that judicial proceedings have been initiated against him - 'whether by formal charge, preliminary hearing, indictment, information, or arraignment.'"). This right has not been extended to civil litigation, and thus Plaintiff does not have the right to counsel at the government's expense. Accordingly, Plaintiff's Motions to Appoint Counsel are

DENIED.

### Plaintiff's Motion for Leave to File an Amended Complaint

For good cause shown, and without objection from Defendant, Plaintiff's Motion for Leave to File an Amended Complaint is GRANTED. Plaintiff's Complaint should therefore reflect the date of the incidents cited by Plaintiff as occurring on February 14, 2009, and not February 13, 2009 as originally alleged.

### Defendant's Motion to Dismiss and Plaintiff's Motion to Compel Discovery

A motion to dismiss tests the legal sufficiency of the plaintiff's claims. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). The facts are taken in the light most favorable to the plaintiff. *Id.* A claim requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). When a court can identify well-pleaded factual allegations, a court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. *Id.*

Plaintiff's Complaint rests on a claim of false arrest and false imprisonment pursuant to 42 U.S.C. § 1983. The claims turn on whether probable cause existed to support the arrest of Plaintiff. *See Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002) (noting that plaintiff in § 1983 claim challenging arrest must show "that the officers decided to arrest her . . . without probable cause."); *see also Burton v. City of Durham*, 457 S.E.2d 329, 333 (1995) ("[E]xistence of probable cause is an absolute bar to a civil rights claim for false arrest."); *Bell v. Dawson*, 144 F.Supp.2d 454, 464 (W.D.N.C. 2001) (holding that finding that arrest was supported by probable cause is fatal to both § 1983 claim and state law tort claim challenging lawfulness of arrest).

Probable cause exists when the facts and circumstances within an officer's knowledge or information he possesses that is reasonably trustworthy and sufficient to convince an officer of reasonable caution that an offense has been or is being committed. *Gilmore*, 278 F.3d at 367; *see also Gomez v. Atkins*, 296 F.3d 253, 262 (4th Cir. 2002). Officers are given latitude in the determination of probable cause and a reasonable mistake of either fact or law will not subject the officer to liability. *Saucier v. Katz*, 533 U.S. 194, 206-07 (2001). A claim for false arrest fails if the arrest was supported by probable cause for any charge. *Jaegly v. Couch*, 439 F.3d 149, 153-54 (2nd Cir. 2006). "[I]t is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest. Stated differently, when faced with a claim for false arrest, we focus on the validity of the *arrest*, and not on the validity of each charge." *Id.* at 154..

In this case, Plaintiff admits Defendant had probable cause to make an arrest on July 14, 2009, for violation of Raleigh City Code § 13-2031, and only challenges to the charge of possessing drug paraphernalia. As the undisputed facts clearly establish that Defendant had probable cause to arrest Plaintiff, the question as to whether he also had probable cause to arrest Plaintiff for possession of drug paraphernalia is irrelevant and can not form the basis of a claim for false arrest or false imprisonment. The Court also notes that Plaintiff was convicted of the drug paraphernalia charge in question. In the absence of a showing that a conviction was obtained improperly, the conviction establishes, as a matter of law, the existence of probable cause for arrest and defeats both federal and state claims for false arrest and false imprisonment. *Myrick v. Cooley*, 371 S.E.2d 492, 495- 96 (1988); *see also Hoover v. McDowell County*, 1998 U.S. App. LEXIS 12719, *7-8 (4th Cir. June 15, 1998). Therefore, Plaintiff has failed to state a claim upon which relief can be granted, and his Complaint is dismissed pursuant to Fed. R. Civ.

P. 12(b)(6). Defendant's Motion to Dismiss is GRANTED. Plaintiff's Motion to Compel Discovery is DISMISSED as MOOT.

## CONCLUSION

Accordingly, Plaintiff's Motions to Appoint Counsel are DENIED. Plaintiff's Motion for Leave to File an Amended Complaint is GRANTED. Plaintiff's Motion to Compel Discovery is DISMISSED as MOOT. Defendant's Motion to Dismiss is GRANTED.

SO ORDERED.

This __1__ day of August, 2010

                                       TERRENCE W. BOYLE
                                       UNITED STATES DISTRICT JUDGE